United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA J REYNOLDS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 23-cv-03934-RMI<br><br>**ORDER ON EX PARTE APPLICATION**<br><br>Re: Dkt. No. 32 |

Before the court is Counsel for Plaintiff's *Ex Parte* Application (dkt. 32), in which he seeks an order from the court directing the Social Security Administration ("SSA") to pay him the remainder of Plaintiff's back pay. In the court's order for remand in this matter (dkt. 30), the court found that certain payments from Counsel to Plaintiff were not gifts or income, but rather the proceeds of a *bona fide* loan agreement in which Plaintiff would repay Counsel from her back pay. On remand, the SSA determined that it owed Plaintiff $22,915.74 in back pay, and it has since made a $3,620.82 payment directly to Plaintiff. Counsel has lost touch with Plaintiff and therefore requests that the remaining $19,294.92 be paid directly to Counsel. Counsel asserts that the intent of the court's holding was that the back pay be paid directly to himself. However, Counsel's premise is mistaken. The court resolved only the question of whether Counsel's monetary payments to Plaintiff were gifts or loans. The finding of a *bona fide* loan does not imply that the court was ordering the SSA to make direct payments to Counsel. To the contrary, the implication was that there was an enforceable agreement between Plaintiff and Counsel under which *Plaintiff* must repay Counsel. The court finds no legal basis to order the SSA to bypass Plaintiff and make payment directly to Counsel.

1    **IT IS SO ORDERED.**

2    Dated: August 1, 2025

_____
ROBERT M. ILLMAN
United States Magistrate Judge